Argued and submitted February 7, judgment granting post-conviction relief reversed and remanded June 22, 2005

JERRY LEE HAGEL,
*Respondent,*

*v.*

Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Appellant.*

02-08-2179-M; A122745

114 P3d 536

Jennifer Lloyd argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Robert B. Rocklin, Assistant Attorney General.

Andrew S. Chilton argued the cause for the respondent. With him on the brief was Chilton, Ebbett & Rohr, LLC.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

ARMSTRONG, J.

---

* Brewer, C. J., *vice* Leeson, J. pro tempore.

## ARMSTRONG, J.

The state appeals from the post-conviction court's granting of relief from petitioner's conviction for first-degree sodomy. We review the post-conviction court's ruling for errors of law and for whether the facts found are supported by the record. *Lambert v. Palmateer*, 182 Or App 130, 135, 47 P3d 907 (2002), *adh'd to on recons*, 187 Or App 528, 69 P3d 725 (2003). We agree with the state that the post-conviction court erred and reverse and remand.

The Yamhill County grand jury convened at Juliette's House, a child-abuse assessment center in Yamhill County, and returned a one-count indictment charging petitioner with first-degree sodomy. Petitioner was subsequently convicted of the charge by a jury. He pursued a direct appeal, and we affirmed the conviction from the bench. *State v. Hagel*, 178 Or App 416, 39 P3d 291 (2001), *rev den*, 334 Or 75 (2002).

In his second amended petition for post-conviction relief, petitioner listed numerous claims of inadequate assistance of counsel. Specific to the issue raised on appeal, petitioner asserted that his trial counsel provided inadequate assistance by failing to seek dismissal of the indictment on the ground that the grand jury had met at Juliette's House, which he contended was a prejudicial environment that introduced bias into the proceedings in violation of his due process rights. Petitioner testified at the post-conviction trial that he became aware of the location of the grand jury proceedings before trial and that he brought the matter to trial counsel's attention. Trial counsel stated in an affidavit that, at the time of trial, he was aware that witnesses had been interviewed at Juliette's House but that he did not know that the grand jury had convened there. In his post-conviction trial memorandum, petitioner argued that having the grand jury meet at Juliette's House was a direct due process violation.

The trial court (or "post-conviction court") granted the petition for post-conviction relief. The stated ground for the trial court's ruling was that convening the grand jury at Juliette's House created an appearance of impropriety and

thereby violated due process. The state appeals, contending that (1) the post-conviction court granted relief on a ground not raised; (2) petitioner's due process contention could not be raised in the post-conviction relief proceeding; (3) the court failed to address the element of prejudice; and (4) nothing prevents the convening of a grand jury at a place such as Juliette's House. Because we agree with the first contention, we do not address the other arguments.

ORS 138.550(3) provides that "[a]ll grounds for relief claimed by petitioner in a petition [for post-conviction relief] must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived[.]" In *Bowen v. Johnson*, 166 Or App 89, 999 P2d 1159, *rev den*, 330 Or 553 (2000), we said that, if the petitioner fails to include a claim in the petition for post-conviction relief, the claim is waived. *Id.* at 92. As previously noted, in his second amended petition for post-conviction relief, petitioner pleaded that trial counsel had been inadequate in multiple respects, including failing to seek dismissal of the indictment on the ground that holding the grand jury proceeding at Juliette's House was prejudicial to petitioner and a violation of due process. Petitioner did not separately assert a right to post-conviction relief on the independent ground that, apart from the question of the inadequacy of his counsel, convening the grand jury at Juliette's House violated his right to due process.

The post-conviction court granted relief on the ground that "[p]etitioner's right to due process of law as guaranteed by the 14th Amendment to the United States Constitution was violated because grand jury proceedings * * * were held at Juliette's House creating the appearance of impropriety." The post-conviction court did not make a separate finding as to the adequacy of trial counsel and specifically made no finding about whether trial counsel knew at the time of trial that the grand jury proceeding had been held at Juliette's House. Petitioner argues on appeal that, "when the record is properly construed in favor of the trial court's decision, it becomes clear that the trial court did rule in petitioner's favor on the basis of an inadequacy of counsel claim and not a straight due process claim." We disagree with that interpretation of the post-conviction court's findings and conclusions. The post-conviction court expressly made no finding

as to whether trial counsel knew at the time of trial that the grand jury proceeding had been held at Juliette's House. That supports the conclusion that the post-conviction court did not intend to make a determination as to the adequacy of counsel and that the basis for the post-conviction court's ruling was that convening the grand jury at Juliette's House was an independent due process violation.

As an alternative basis for upholding the post-conviction court's judgment, petitioner argues that the petition in fact asserted an independent due process claim, although it was not separately set forth. We reject the contention. Each of the allegations of the petition is premised on the inadequacy of trial counsel. There was no independent due process claim.

In view of our conclusion that petitioner failed to raise in his petition the ground on which the post-conviction court granted relief, we do not address the state's contention that an independent due process claim is one that could have been raised by petitioner at trial or on direct appeal and therefore cannot be a ground for post-conviction relief. *See Palmer v. State of Oregon*, 318 Or 352, 867 P2d 1368 (1994) (failure to raise issue at trial that reasonably could have been raised at trial generally precludes post-conviction relief on that ground); *Teague v. Palmateer*, 184 Or App 577, 583, 57 P3d 176 (2002), *rev den*, 335 Or 181 (2003). The state concedes that there are remaining claims that must be addressed on remand, and we accept the concession.

Judgment granting post-conviction relief reversed and remanded.