Submitted on remand from the Oregon Supreme Court November 7, 2006,
affirmed May 2, appellant's petition for reconsideration filed May 15
allowed by opinion August 1, 2007
See 214 Or App 400, 164 P3d 1221 (2007)

# JOSE JUAN RAMIREZ,
*Petitioner-Appellant,*

*v.*

# STATE OF OREGON,
*Defendant-Respondent.*

## Marion County Circuit Court
01C14878; A117728

157 P3d 1290

Brian Patrick Conry for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kathleen Cegla, Assistant Attorney General, for respondent.

Before Edmonds, Presiding Judge, Brewer, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

This case is before us on remand from the Supreme Court. *Ramirez v. State of Oregon*, 341 Or 449, 143 P3d 772 (2006). Previously, we summarily affirmed the post-conviction court's denial of petitioner's petition for post-conviction relief in which petitioner alleged that he was denied adequate assistance of counsel because trial counsel failed to adequately advise him of the immigration consequences of pleading guilty to a felony. *Ramirez v. State of Oregon*, 192 Or App 362, 87 P3d 708 (2004). The Supreme Court allowed review, vacated our decision, and remanded the case for reconsideration in light of *Lyons v. Pearce*, 298 Or 554, 694 P2d 969 (1985), and *Gonzalez v. State of Oregon*, 340 Or 452, 134 P3d 955 (2006). On remand, we affirm the post-conviction court's denial of post-conviction relief.

In his petition for post-conviction relief, petitioner alleged that he was denied adequate assistance of counsel under the Oregon and United States constitutions because trial counsel failed "to inform [him] fully and adequately of the immigration consequences [of] a guilty plea to a felony Assault IV[.]" Specifically, the petition alleged that trial counsel was inadequate for failing to inform petitioner that, as a consequence of his guilty plea, he was virtually certain to be deported, he would be barred from becoming a United States citizen, and he would be barred from reentering the United States.[1] The petition also alleged that the trial court erred by accepting petitioner's plea that was rendered unknowing and involuntary, because the plea petition included "false and misleading information as [the plea petition] stated it would be merely possible that Petitioner would be deported[.]"

The post-conviction court concluded that petitioner had been denied adequate assistance of counsel, because trial counsel failed to adequately inform him of the immigration

---

[1] The petition also contained a nearly identical allegation that trial counsel provided "false and misleading advice to Petitioner by reviewing the plea petition with him, which advised him that it was merely possible that adverse immigration consequences would directly flow from his conviction[.]" Because that allegation is similar to petitioner's first, we treat them as one allegation.

consequences of his plea. It reasoned that, because petitioner's deportation was virtually certain, trial counsel's advice to petitioner that he "may" face immigration consequences was constitutionally inadequate. However, the court denied petitioner's request for relief. The post-conviction court concluded that petitioner failed to establish prejudice as a result of the inadequate assistance; specifically, it concluded that petitioner failed to show that he would not have pleaded guilty and would have insisted on going to trial had he received adequate advice. Moreover, the court concluded that "[t]he trial court's admonition to petitioner regarding the immigration and naturalization consequences of petitioner's guilty plea * * * was sufficient under the Oregon Constitution and the United States Constitution."

On appeal, petitioner argued that the post-conviction court erred by concluding that petitioner failed to establish prejudice and by concluding that the trial court properly advised him prior to accepting his plea.

The post-conviction court anticipated our decision in *Gonzalez v. State of Oregon*, 191 Or App 587, 83 P3d 921 (2004). There, we held that trial counsel's advice that entering a guilty plea *may* impact the petitioner's immigration status was constitutionally inadequate assistance of counsel, where the petitioner, after pleading guilty to an aggravated felony, would be deported unless the Attorney General or a designee chose not to pursue deportation proceedings. *Id.* at 594. The Supreme Court reversed, however. It explained that the Oregon Constitution requires counsel to advise a criminal defendant of the possible maximum and possible minimum penalties that the court may impose, but counsel is not required, as a matter of constitutionally adequate assistance, to advise a defendant of the likelihood that the court will impose either the maximum or minimum penalty. *Gonzalez*, 340 Or at 459. The court noted that if the constitution does not require that level of specificity for the *direct* consequences of a criminal conviction, then there is no constitutional requirement for that level of specificity for a *collateral* consequence of a criminal conviction. *Id.* Accordingly, the Supreme Court reversed our holding that trial counsel was inadequate for failing to advise the petitioner that it was virtually certain that the petitioner would be deported.

■       Here, it is undisputed that trial counsel advised petitioner that, as a result of his guilty plea, he "may" be deported. Petitioner signed a plea form that provided:

> "My lawyer has explained to me and I understand that if I am not a citizen of the United States, my conviction of this crim[e may] have the following results:
>
> "(1)   I may be deported from the United States.
>
> "(2)   If I leave the United States, I may be refused readmission to this Country.
>
> "(3)   If I apply to become a naturalized citizen of the United States, I may be denied that privilege because of my conviction."

Although counsel did not advise petitioner that his deportation and other immigration consequences were virtually certain, under *Gonzalez*, trial counsel's advice was not constitutionally inadequate. The post-conviction court erred in concluding otherwise.

■■       Finally, the post-conviction court did not err in concluding that the trial court "accurately and sufficiently advised defendant of the immigration consequences of his plea." ORS 135.385(2)(d) requires that, before a court accepts a plea, it must inform noncitizen defendants that a "conviction of a crime may result, under the laws of the United States, in deportation, exclusion from admission to the United States or denial of naturalization." That statute does not require the court to "address a defendant orally about the possibility of deportation" as long as the court "satisfies itself that a defendant has been so informed." *Lyons*, 298 Or at 561. Here, the trial court satisfied itself that petitioner was informed about the possible immigration consequences of his plea; petitioner affirmatively acknowledged to the court that he signed the plea petition and that he understood it.

Petitioner's post-conviction petition alleged that his trial counsel was constitutionally inadequate under both the state and federal constitutions. On this record, we reject petitioner's arguments under the United States Constitution without further discussion.

Affirmed.