On appellant's petition for reconsideration filed May 15, reconsideration allowed; former opinion (212 Or App 446, 157 P3d 1290) adhered to August 1, petition for review denied December 5, 2007 (343 Or 554)

## JOSE JUAN RAMIREZ,
*Petitioner-Appellant,*

*v.*

## STATE OF OREGON,
*Defendant-Respondent.*

Marion County Circuit Court
01C14878; A117728

164 P3d 1221

Brian Patrick Conry for petition.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Wollheim, Judge.

PER CURIAM

## PER CURIAM

Petitioner seeks reconsideration of our decision in *Ramirez v. State of Oregon*, 212 Or App 446, 157 P3d 1290 (2007). On remand from the Supreme Court, we affirmed the post-conviction court's denial of the petition for post-conviction relief. In his petition for reconsideration, petitioner contends that we erred by not addressing whether trial counsel was constitutionally inadequate at sentencing for failing to advocate for a sentence of less than 365 days. We allow reconsideration and adhere to our previous opinion.

All grounds for post-conviction relief must be stated in the original or an amended petition, and "any grounds not so asserted are deemed waived." ORS 138.550(3); *see also Pinnell v. Palmateer*, 200 Or App 303, 334, 114 P3d 515 (2005), *rev den*, 340 Or 483 (2006) ("[A]ny claim that a petitioner fails to include in the original or amended petition is waived."). Here, the petition alleged, among other things, that trial counsel was constitutionally inadequate for providing "false and misleading advice" to petitioner by "only generally advising [p]etitioner that he could be deported or could suffer adverse immigration consequences." In particular, the petition alleged that, in providing the "false and misleading advice," counsel failed to review provisions of the Immigration and Nationality Act that, petitioner contends, provide that "a crime of violence in which a sentence of a year or more is imposed or suspended is an aggravated felony requiring deportation of a legal permanent resident." That claim is qualitatively different than the claim that petitioner asks us to address here, namely, whether trial counsel was inadequate for "fail[ing] to advocate for less than a 365[-]day sentence where a sentence of 364 days or less will permit the 'alien defendant' to obtain a cancellation of removal hearing at which he can request relief from deportation, but a presumptive sentence of 365 days or more will require the alien's banishment[.]" In the former, the allegation is that counsel provided inadequate advice to petitioner about the consequences of his conviction. In the latter, the allegation is that counsel failed to advocate to the trial court for a sentence that could potentially avoid adverse immigration consequences. Because the petition for post-conviction relief did not allege

that counsel was inadequate for failing to advocate for a lesser sentence, under ORS 138.550(3), that allegation is deemed waived.

In addition, petitioner argues that counsel's lack of advocacy at sentencing constituted "prejudice" as a matter of law. Petitioner improperly conflates the two prongs of the test. To prevail on a post-conviction claim of inadequate assistance of counsel, petitioner must demonstrate that trial counsel failed to exercise reasonable professional skill and judgment *and* that petitioner suffered prejudice as a result. *Rodriguez-Moreno v. State of Oregon*, 208 Or App 659, 662, 145 P3d 256 (2006). Here, we do not reach the prejudice issue because, as we explained in our previous opinion, trial counsel's advice to petitioner was adequate. *Ramirez*, 212 Or App at 450.

Reconsideration allowed; former opinion adhered to.