Argued and submitted June 22, reversed and remanded December 16, 2009, petition for review denied March 25, 2010 (348 Or 114)

RODOLFO LEYVA-GRAVE-DE-PERALTA,
*Petitioner-Respondent,*

*v.*

Sharon BLACKETTER,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Appellant.*

Umatilla County Circuit Court
CV060733; A137747

223 P3d 411

Pamela J. Walsh, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Andrew S. Chilton argued the cause for respondent. With him on the brief was Chilton & Galli, LLC.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

This is a post-conviction case in which the court granted post-conviction relief and ordered that petitioner receive a new trial. The state appeals, arguing that the post-conviction court erred because it granted relief on a ground not pleaded in the petition for post-conviction relief or, alternatively, because petitioner did not prove that trial counsel provided inadequate assistance. Because we agree with the state's first argument, we reverse.

In the underlying criminal case, petitioner was charged with first-degree assault for intentionally stabbing his roommate in the back with a kitchen knife during an argument. The prosecutor requested that, in addition to the instruction for first-degree assault, the jury be instructed on the lesser-included offense of second-degree assault. Petitioner's trial counsel objected, arguing that a conviction for second-degree assault would be inconsistent with the state's theory of the case. The trial court overruled trial counsel's objection and gave the instruction.

During deliberations, the jury informed the court that it was deadlocked nine-to-three on the first-degree assault charge. The presiding juror told the trial judge that "the three are adamant in their position; and the nine are adamant in theirs and that I believe additional conversation will not help us without further instruction from you." With both counsel present, but without consulting them, the trial court told the jury, "We are going to let you proceed to the Assault In the Second Degree and start deliberating on Assault In the Second Degree." Neither the prosecutor nor petitioner's trial counsel objected to that course of action. The jury convicted petitioner of second-degree assault.

Petitioner appealed his conviction, raising two assignments of error. First, petitioner argued, the trial court had erred in entering a conviction for second-degree assault because the state had not charged him with that crime and it was not—at least in these circumstances—a lesser-included offense of first-degree assault. Second, he argued, the trial court had erred in refusing to instruct the jury on fourth-degree assault. This court affirmed petitioner's conviction without opinion and the Supreme Court denied review. *State*

*v. Leyva-Grave-De-Peralta*, 199 Or App 270, 111 P3d 248, *rev den*, 339 Or 230 (2005).

Petitioner then filed a petition for post-conviction relief. In his formal petition, in addition to other claims, petitioner alleged that his trial counsel had provided inadequate assistance in a number of respects. As relevant here, petitioner alleged that trial counsel provided inadequate assistance in that

> "[t]rial [c]ounsel failed to object to the order of deliberation on the lesser included offenses as governed by Oregon Statutes. Under ORS 136.460(2), the jury must consider the charged offense first. The jury may consider lesser included offenses only if it <u>acquits</u> the defendant on the charged offense. Finally, if the jury fails to reach a decision on the original charge like it did here, * * * then [the] state and the defendant may stipulate that the jury may consider any lesser included offense[.] ORS 136.460(4). The record contains no such stipulation and as far as the record is concerned the jury is still deliberating on the charged offense. The trial court had no authority to enter the verdict."

(Underscore in original.) In preparing its defense in response to that allegation, the state obtained an affidavit from trial counsel in which he stated that his acquiescence in the improper procedure was a tactical choice. Trial counsel averred:

> "We had a favorable jury. When the jurors were unable to reach a verdict on the Assault in the First Degree, the best option for petitioner was to let them deliberate on the [lesser-included offense]. If I had requested a mistrial, it would have opened the door to a less favorable jury convicting petitioner of Assault I at the second trial."

Petitioner moved for summary judgment in the post-conviction court. In support of his motion, petitioner quoted ORS 136.460, which governs the procedure for jury consideration of lesser-included offenses:

> "(1) Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof.

"(2)   The jury shall first consider the charged offense. Only if the jury finds the defendant not guilty of the charged offense may the jury consider a lesser included offense. If there is more than one lesser included offense, the jury shall consider the lesser included offenses in order of seriousness. The jury may consider a less serious lesser included offense only after finding the defendant not guilty of any more serious lesser included offenses.

"* * * * *

"(4)   *If the jury is unable to reach a decision on the original charge, the state and defendant may stipulate that the jury may consider any lesser included offense.*"

(Emphasis added.) Petitioner argued that the trial court had failed to follow the statutory procedure and that "[t]he failure of defense counsel to object to following the statute on these jury instructions amounts to ineffective assistance of counsel * * *." (Internal quotation marks and citation omitted.)

At the hearing on his summary judgment motion, petitioner asserted that trial counsel had performed deficiently because the record of the underlying criminal trial contained no stipulation, as required by ORS 136.460(4). Petitioner also argued, for the first time, that counsel's performance was inadequate because petitioner, personally, should have made the decision whether to allow the jury to consider second-degree assault as a lesser-included offense. Although focusing on the more general argument that trial counsel was deficient for failing to object to the improper procedure, counsel for petitioner also asserted, "Counsel here, we're claiming, was, per se, ineffective because he did not take the time to discuss with his client this option."

In response to the parties' arguments, the post-conviction court initially suggested that it agreed with the state's position that the issue was whether trial counsel had made a tactical decision to go along with the trial judge's instruction to the jury to consider second-degree assault. Ultimately, the post-conviction court concluded that a factual issue existed as to whether trial counsel had exercised reasonable judgment in acquiescing in the procedure, and it denied the motion for summary judgment. Subsequently, in his trial memorandum, petitioner again mentioned (together

with his more detailed argument about the lack of a stipulation) that, regarding the decision whether to stipulate to allowing the jury to consider a lesser-included offense after deadlocking on the greater offense, trial counsel was "required to allow the client to make that decision."

At the post-conviction hearing, petitioner's counsel again argued that trial counsel "should have required the Court to follow the statute, and the fact that the Court didn't follow the statute means that the conviction is probably void." Regarding the choice whether to stipulate to allowing the deadlocked jury to consider the lesser-included offense, petitioner's counsel argued, "The client gets to make that call. [Trial counsel] didn't take the time to talk to the client about it and make sure that the client was making that decision." Petitioner's counsel asserted,

> "Counsel was ineffective in failing to require that the Constitution and the statute mandates be done to their fullest and, as such, we're entitled to have this case sent back to the trial Court for a finding on the Assault I."

Petitioner's post-conviction counsel concluded, "So Counsel should have objected to it and should have at least made sure that [petitioner] was making the decision, not him. It wasn't trial Counsel's decision to make."

The post-conviction court granted relief, explaining,

> "I'm granting the motion for post-conviction relief. I'm making some findings—I've really thought about this case—that the trial Court's procedure was simply wrong.

> "My findings will be the trial jury was unable to reach a verdict on the crime charged. The Court then told the jury to consider the lesser-included. [The a]ttorney did not object and did not discuss with the Defendant. Neither party agreed, nor were they even asked.

> "The outcome was conviction of lesser-included. The option would have been a hung jury with retrial and possible acquittal. *The Court finds that it is inadequate representation to not at least discuss the options and risks with the client.*

> "I also find that none of Petitioner's other claims have merit.

"I have thought about whether this was just a strategic decision for which we could make deference to trial attorneys. I find this was so fundamental that without discussing it with [petitioner], I simply can't consider it appropriate behavior on [trial counsel's] part."

(Emphasis added.) Counsel for the state objected, stating, "But the State would except to that finding that Counsel was inadequate for not discussing the decision with the client. That is not one of the bases upon which Petitioner has sought post-conviction relief." The post-conviction court nonetheless entered a judgment with notations consistent with its oral pronouncement:

"Trial jury unable to reach verdict on crime charged. Ct then told jury to consider lesser included. Attorney did not object and did not discuss with [petitioner]. Neither party agreed (nor were they even asked). Outcome was conviction of lesser included. Option would have been a hung jury with retrial and possible acquittal. *Ct finds that it is inadequate representation to not at least discuss options/risks with client.*

"All of petitioner's other claims are denied.

"Case must be returned to Multnomah Co. for new trial."

(Emphasis added.)

■     On appeal, the state argues that the post-conviction court erred in granting post-conviction relief on a ground not alleged in the petition. According to the state, the post-conviction court's basis for granting relief was that petitioner's trial counsel failed to consult with petitioner before deciding whether to ask for a mistrial or object to the jury's deliberation on the lesser-included offense. But, the state contends, petitioner did not include that allegation in his petition for post-conviction relief. Petitioner responds that, in fact, the post-conviction court did not grant relief on the narrow ground that trial counsel provided inadequate assistance by not consulting with petitioner. Rather, he asserts, the post-conviction court granted relief on the more general claim that trial counsel performed inadequately by failing to object to the trial court's instructing the jury to deliberate on the second-degree assault charge. Petitioner explains,

"While it is true that the post-conviction court focused on trial counsel's failure to discuss the issue with petitioner, that merely reflects that this was the part of trial counsel's actions that most troubled the post-conviction court. It no more means that the post-conviction court granted post-conviction relief on that basis, and that basis alone, than does the post-conviction court's making an explicit finding that 'the trial court's procedure was simply wrong' means that it granted relief on that basis and that basis alone."

For the reasons discussed below, we conclude that the post-conviction court erred in granting relief on a ground not pleaded in the petition for post-conviction relief.

■     The statutes governing post-conviction relief require specificity in pleading. To initiate a post-conviction relief proceeding, the petitioner must file a petition. "The petition shall set forth *specifically* the grounds upon which relief is claimed, and shall state clearly the relief desired." ORS 138.580 (emphasis added). Moreover, ORS 138.550(3) provides, in part:

"*All grounds for relief* claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 *must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived* unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

(Emphasis added.)

We consistently have interpreted those provisions strictly. In *Bowen v. Johnson*, 166 Or App 89, 92, 999 P2d 1159, *rev den*, 330 Or 553 (2000), we addressed the effect of ORS 138.550(3). "It is clear," we explained, "that the allegations in the petition frame—indeed, limit—the issues for determination by the post-conviction court." The *Bowen* court emphasized that, other than in the case of an exception not relevant here, "relief under the [Post-Conviction Hearing] Act is available only as to claims that actually have been alleged in the petition or amended petition and, indeed, that claims not raised in the petition are waived * * *." *Bowen*, 166 Or App at 93.

*Bowen* was followed by *Hagel v. Hill,* 200 Or App 361, 114 P3d 536 (2005), a case in which the petitioner was indicted by a grand jury that met at a child-abuse assessment center. After he was convicted, the petitioner filed a petition for post-conviction relief in which he alleged that his trial counsel had provided inadequate assistance by failing to seek dismissal of the indictment on the ground that the grand jury had met at the child-abuse assessment center. In his post-conviction trial memorandum, he argued that having the grand jury meet at the child-abuse assessment center was a direct due process violation. That is, in his trial memorandum, he argued that having the grand jury meet where it did violated his rights under the Fourteenth Amendment to the United States Constitution, not that he was denied adequate assistance of counsel in violation of his Sixth Amendment rights, as he had alleged in the petition. The post-conviction court granted relief on the ground that having the grand jury meet at the child-abuse assessment center was a violation of the petitioner's due process rights. *Id.* at 363-64.

The state appealed, arguing—as it does here—that the post-conviction court erred in granting relief on a ground not pleaded in the petition. In reversing, we rejected the petitioner's argument that the post-conviction court's ruling should be read broadly to have granted relief on the basis of inadequate assistance of counsel. We reversed the grant of post-conviction relief because it was based on a ground that the petitioner had waived by not pleading it in the petition. *Id.* at 364-65.

Most recently, in *Ramirez v. State of Oregon,* 214 Or App 400, 401, 164 P3d 1221, *rev den,* 343 Or 554 (2007), the petitioner alleged in his petition that his trial counsel was inadequate for

> "providing 'false and misleading advice' to petitioner by 'only generally advising [p]etitioner that he could be deported or could suffer adverse immigration consequences.' In particular, the petition alleged that, in providing the 'false and misleading advice,' counsel failed to review provisions of the Immigration and Nationality Act that, petitioner contends, provide that 'a crime of violence in which a sentence of a year or more is imposed or

suspended is an aggravated felony requiring deportation of a legal permanent resident.' "

*Id.* On appeal, the petitioner argued that counsel was inadequate for

"fail[ing] to advocate for less than a 365[-]day sentence where a sentence of 364 days or less will permit the 'alien defendant' to obtain a cancellation of removal hearing at which he can request relief from deportation, but a presumptive sentence of 365 days or more will require the alien's banishment[.]"

*Id.* On reconsideration, citing ORS 138.550(3), we refused to address that argument, because it was not pleaded in the petition for post-conviction relief. *See also Hendricks v. Hill,* 209 Or App 812, 149 P3d 318 (2006) (in state's appeal, addressing as plain error a post-conviction court's grant of post-conviction relief on a ground not pleaded in the petition); *Makinson v. Lampert,* 199 Or App 418, 421-22, 112 P3d 365, *rev den,* 339 Or 230 (2005) (in petitioner's appeal, refusing to invoke plain error doctrine "in derogation of ORS 138.550(3), to permit consideration of a claim for relief that was not raised in a petition before the post-conviction court").

Under ORS 138.550(3), as interpreted in the cases set out above, the post-conviction court erred in granting relief to petitioner on the ground that trial counsel provided inadequate assistance by not consulting petitioner before allowing the trial court to instruct the jury to consider the lesser-included offense of second-degree assault. Although petitioner alleged that trial counsel performed deficiently for allowing the trial court to tell the jury to consider second-degree assault as a lesser-included offense, he never alleged in his petition that trial counsel performed deficiently in failing to consult him about whether to acquiesce in the trial court's procedure.

As noted above, petitioner remonstrates that the post-conviction court granted relief on the more general claim made in his petition, *viz.*, that "[t]rial [c]ounsel failed to object to the order of deliberation on the lesser included offenses as governed by Oregon Statutes." Yet that view is inconsistent with what the court actually said: "The Court

finds that it is inadequate representation to not at least discuss the options and risks with the client. I also find that none of Petitioner's other claims have merit." It is clear that the post-conviction court considered one of petitioner's "claims" to be that trial counsel was inadequate for failing to consult him. Just as we refused in *Hagel* to interpret the post-conviction court's grant of relief based on a due process violation by the trial court as a grant of relief based on a claim of inadequate assistance of counsel, here, too, we will not interpret the post-conviction court's ruling in a manner that is inconsistent with its wording.

As the state points out, the requirements of ORS 138.550(3) are not mere technicalities:

> "The rule serves the practical purpose of notifying the defendant of all potential claims for relief, so the defendant is able to conduct an investigation to defend against the claims. In this case, the fact that petitioner did not allege a claim about client consultation on the jury deliberations meant that defendant had no practical opportunity to conduct an investigation and present evidence to refute it. Indeed, a review of the record shows that neither party presented *any* evidence to show whether [trial counsel] did, or did not, confer with his client regarding the jury's deliberation on second-degree assault."

(Emphasis in original.)

Petitioner argues that the allegations in his petition should be broadly construed to include the claim that counsel was inadequate for failing to consult with him. He asserts that post-conviction proceedings are governed by the Oregon Rules of Civil Procedure and that, under ORCP 12 A, pleadings are to be "liberally construed with a view of substantial justice between the parties." In a related argument, petitioner asserts that the "failure to consult" part of his case is simply a different argument in support of his broader claim of inadequate assistance. The post-conviction court was free to rely on a related argument in support of the broader claim, he insists.

■■ Petitioner is correct that the Oregon Rules of Civil Procedure apply in post-conviction proceedings, but only to the extent that a more specific statute in the Post-Conviction

Hearing Act does not apply. *See Quimby v. Hill*, 213 Or App 124, 128 n 1, 159 P3d 1264, *rev den*, 343 Or 223 (2007) ("We note as a threshold matter that, unless a different legislative intention is indicated, the Oregon Rules of Civil Procedure generally apply to post-conviction proceedings. *Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992). A separate statute contains certain pleading rules that are specifically applicable to post-conviction relief actions."). Thus, the "liberal construction" rule of ORCP 12 A does not trump the specific pleading requirement set out in ORS 138.550(3). Nor are we convinced, in any event, that construing petitioner's petition to raise a claim that it does not explicitly raise would provide "substantial justice between the parties," as required by ORCP 12 A. As noted, the state neither obtained nor introduced evidence on the "failure to consult" claim, as it reasonably did not understand that claim to be raised.[1]

Finally, we reject petitioner's contention that the "failure to consult" aspect of his case is simply a different argument in support of his broader claim, rather than a different claim altogether. Petitioner cites *Abbott v. Baldwin*, 178 Or App 289, 36 P3d 516 (2001), *rev den*, 334 Or 75, *cert den*, 537 US 901 (2002), in support of his position. In *Abbott*, a state's appeal, we agreed that "a post-conviction court generally may decide only the claims for relief pleaded by the petitioner. However, the court is not restricted to the *specific arguments* made in support of those claims." *Id.* at 295 (emphasis in original). We rejected the state's argument that the post-conviction court had granted relief on a ground not pleaded:

> "Here, petitioner specifically alleged that his trial counsel was inadequate in failing to '[m]ake a viable [m]otion for [j]udgment of [a]cquittal' and because he failed to '[o]bject

---

[1] Petitioner does not contend that his post-conviction counsel's statements at the summary judgment hearing, and later at the post-conviction hearing, that petitioner's trial counsel was inadequate for failing to consult with petitioner about the jury's consideration of second-degree assault as a lesser-included offense, are a pertinent consideration in our analysis. Nor do we perceive any such relevance, especially in light of the fact that no evidence on the "failure to consult" claim was adduced at any stage of the post-conviction proceeding. *Cf.* ORCP 23 B ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

to improper jury instructions, and provide proper and complete jury instructions to the jury.' The post-conviction trial court granted relief on the grounds that petitioner's trial attorney 'fail[ed] to move for a judgment of acquittal at the close of the state's case' and 'fail[ed] to object to jury instructions dealing with the statute of limitations.' Although petitioner's specific arguments at trial were not identical to those articulated by the court, the relief granted is directly traceable to, and falls within the scope of, the claims alleged in the post-conviction petition."

*Id.* at 295-96 (brackets in original).

Unlike the near-congruity of the claim pleaded and the basis for relief in *Abbott*, the claim pleaded here (failure to object to the trial court's procedure) required different proof and different legal analysis than the ground relied on by the post-conviction court (failure to consult with the client). That is no mere difference in arguments, but a difference in claims.

Reversed and remanded.