On appellant's petition for reconsideration filed March 27, reconsideration allowed; former opinion (269 Or App 686, 346 P3d 578) modified and adhered to as modified June 3; petitions for review denied November 12, 2015 (358 Or 248)

MARTIN ALLEN JOHNSON,
*Petitioner-Appellant,*

*v.*

Jeff PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
09C17860; A150451

351 P3d 86

Jason Weber and O'Connor Weber LLP for petition.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Wollheim, Senior Judge.

PER CURIAM

## PER CURIAM

Petitioner has petitioned for reconsideration of our opinion in *Johnson v. Premo*, 269 Or App 686, 346 P3d 578 (2015), positing that one footnoted statement "may not be factually correct." Specifically, the sole object of the request for reconsideration is the following statement, which constitutes the entirety of footnote 13 of our original opinion:

> "On appeal, petitioner does not raise any assignments of error pertaining to the breach of contract claim."

269 Or App at 694 n 13. Petitioner points out that, in petitioner's *pro se* supplemental brief, petitioner did, in fact, include conclusory assertions relating to his breach of contract claim.

Petitioner is correct that the statement in footnote 13 is imprecise in that it was implicitly intended to be understood in combination with the following footnote 14, which states, in pertinent part, that "[p]etitioner's *pro se* brief contains no argument explaining why he believes the court erred in its rulings, and we decline to consider the *pro se* arguments further." 269 Or App at 697 n 14. To remedy that imprecision and to avoid further misunderstanding, we modify our opinion to delete the original text of footnote 13 and to substitute in its place:

> "In the principal brief on appeal, petitioner does not raise any assignments of error pertaining to the breach of contract claim. Petitioner's *pro se* supplemental brief includes summary and conclusory references to the breach of contract claim, but contains no cogent argument as to the merits of the post-conviction court's disposition of that claim. *See* 269 Or App at 697 n 14."

With that single modification, we adhere to our original opinion.

Reconsideration allowed; former opinion modified and adhered to as modified.