Argued and submitted September 7, affirmed November 8, 2000

KEITH H. REYNOLDS,
*Respondent,*

*v.*

Robert LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Appellant.*

(98-09-30037-M; CA A106223)

13 P3d 1038

Kathleen Cegla, Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kaye E. McDonald, Assistant Attorney General.

Eric M. Cumfer argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Brewer, Judge.

BREWER, J.

---

* Deits, C. J., *vice* Linder, J.

**BREWER, J.**

The state appeals from a judgment granting post-conviction relief to petitioner based on inadequate assistance of counsel. Petitioner cross-assigns error to the court's imposition of attorney fees. We review for errors of law, ORS 138.220, and affirm.

The relevant facts are undisputed. In May 1992, petitioner was convicted of federal bank robbery and was sentenced to a term of imprisonment for that offense. In July 1992, while serving his federal sentence, petitioner pleaded guilty to first-degree kidnapping and first-degree robbery. ORS 163.225; ORS 164.415. The sentencing court treated the bank robbery conviction as a person felony in classifying petitioner's criminal history. That decision resulted in a criminal history score of D, instead of G, for petitioner's state court convictions. The court sentenced petitioner to concurrent sentences, totaling 216 months, based on that classification.

In 1995, petitioner filed a petition for post-conviction relief from his state court convictions, alleging numerous specifications of trial court error and inadequate assistance of counsel. In 1997, petitioner filed a supplemental petition that included the following claims:

"Petitioner was denied adequate assistance of counsel under the Sixth and Fourteenth Amendments to the Constitution of the United States and under Article I, Section 11 of the Constitution of Oregon in [that] defense counsel failed to:

"(A) Investigate and correct the PSI concerning prior crimes alleged as 'person felonies' and 'felonies';

"(B) Inform himself regarding the client's prior convictions[.]"

At trial, petitioner argued that the sentencing court should not have treated the bank robbery conviction as a person felony in classifying his criminal history. Petitioner's primary argument was that federal bank robbery was not a person felony listed in the sentencing guidelines and, thus, could not be treated as such in classifying his current convictions. The court agreed with the state that *former* OAR 253-04-011

governed the effect of the federal conviction on petitioner's criminal history score.[1] That rule provided, in part, that "[a]n out-of-state adult conviction shall be used to classify the offender's criminal history if the elements of the offense would have constituted a felony or Class A misdemeanor under current Oregon law." *Former* OAR 253-03-001(14) defined "person felonies" by reference to 39 statutes setting forth the elements of separate criminal offenses.

The court noted that the crime of federal bank robbery is committed under 18 USC § 2113 when a person "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, * * * any property or money * * * belonging to, or in the care, custody, management or possession of any bank * * *." The state contended that, although that offense was not a specific crime under Oregon law, its elements matched those of one of the person felonies listed in *former* OAR 253-03-001(14): third-degree robbery. Thus, the state reasoned that the federal conviction should be treated as a person felony in classifying the criminal history for petitioner's current convictions. Following the state's suggestion, the court compared the elements of the federal statute to Oregon's third-degree robbery statute, ORS 164.395,[2] and determined that the elements of the two crimes matched with one exception: third-degree robbery requires proof of specific intent to prevent or overcome resistance to the taking of property or to compel the owner to deliver the property. The federal offense does not.

The court concluded that petitioner's "attorney should have raised the issue of whether the elements of the federal Bank Robbery charge constituted a person felony

---

[1] *Former* OAR 253-04-011 (1992) was renumbered OAR 213-004-0011 in 1996.

[2] ORS 164.395 provides:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft.

"(2) Robbery in the third degree is a Class C felony."

under Oregon law," and that his failure to do so constituted constitutionally inadequate assistance of counsel. The court rejected the remainder of petitioner's claims and remanded for resentencing. The court offered the following reasoning to support its decision:

> "At best the federal Bank Robbery conviction could be treated as a nonperson felony or misdemeanor for purposes of criminal history thereby reducing the criminal history category from D to G or H.
>
> "The legal [principles] set forth in *State v. Lee*, [110 Or App 42, 821 P2d 1100 (1991),] and *State v. Tapp*, [110 Or App 1, 821 P2d 1098 (1991),] were available to the Petitioner's trial attorney at the time the Petitioner was sentenced in October of 1992. Had the issue been raised [at sentencing] in the trial court, the Petitioner could have been sentenced to no more than 140 months in prison * * *. Petitioner was sentenced to 216 months * * *. Clearly he was prejudiced by the failure of his attorney to raise the issue regarding the proper use of the federal Bank Robbery conviction in determining the Petitioner's criminal history. His attorney failed to raise a reasonable issue at the time of sentencing that was 'fundamental' to his defense."

On appeal, the state assigns error to the post-conviction court's determination that counsel was constitutionally inadequate at sentencing. The state concedes that the court correctly determined that the bank robbery conviction was not the equivalent of a third-degree robbery conviction under Oregon law. According to the state, however, the court erred in granting relief based exclusively on its comparison of the elements of the federal offense and third-degree robbery. Instead, the state argues, the post-conviction court should have compared the elements of the federal offense to *all* person felonies listed in *former* OAR 253-03-001(14). The state argues, for the first time on appeal, that the elements of federal bank robbery match those of two different listed person felonies, namely, theft by extortion, ORS 164.075, and coercion, ORS 163.275. Thus, the state asserts, the federal conviction was used appropriately at sentencing, trial counsel exercised reasonable skill and judgment, and petitioner was not prejudiced. Petitioner responds that the state's theory that the elements of the federal conviction match theft by

extortion or coercion was not advanced below and may not be raised for the first time on appeal.

We first consider petitioner's argument that the state did not preserve its claim of error on appeal. The state's argument in the post-conviction court, insofar as relevant here, was confined to a footnote in its supplemental trial memorandum that stated "[a]pparently, petitioner is *not* contending that the elements of his federal crime do not, in fact, constitute a person felony under Oregon law. He could not prevail on such a contention in any event." (Emphasis in original.) The footnote reproduced the language of the federal indictment, then concluded that "[t]his language at least embodies the elements of 'Robbery in the Third Degree, as defined by ORS 164.395,' a 'person felony' within the purview of OAR 253-03-001(14)."

The state contends that petitioner did not challenge its assertion about what he was not arguing, nor did petitioner make such arguments in his petition or at the post-conviction trial. Instead, the state argues, petitioner's pleading merely alleged generally that counsel was inadequate in failing to assert that the presentence investigation report had treated unspecified prior convictions improperly in classifying his criminal history. The state points out that petitioner's trial memorandum emphasized that federal convictions were not out-of-state convictions for purposes of the sentencing guidelines, and the state responded persuasively to that argument. The state also observes that post-conviction relief is available only "when one or more of [specified] grounds is established *by the petitioner*[.]" ORS 138.530(1) (emphasis added).[3] The state asserts that, if it failed to preserve its current argument below, it is only because the post-conviction court erred by considering an issue not raised by petitioner.

_____

[3] ORS 138.530 provides, in part:

"(1) Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

The parties' arguments condense to two questions: (1) Did petitioner adequately raise the grounds on which the post-conviction court relied in its decision? (2) If so, did the state adequately preserve the argument it makes on appeal?

The state concedes that petitioner's pleadings raised the *general* issue of his counsel's failure to challenge the classification of his prior federal conviction as a person felony. However, the state contends that petitioner's allegations were too broad to prompt the state to respond more specifically than it did. According to the state, petitioner's failure to raise the *specific* theory on which the post-conviction court relied deprived the state of a fair opportunity to respond. The state is mistaken.

■■ The Oregon Rules of Civil Procedure apply in post-conviction proceedings. *See Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992); *Calahan v. State of Oregon*, 144 Or App 18, 20 n 2, 925 P2d 133 (1996), *vac'd and rem'd* 325 Or 183, 933 P2d 345, *aff'd on recons* 148 Or App 634, 939 P2d 677 (1997). If the state was uncertain as to the specific theories encompassed by petitioner's pleading, it could have made a motion to make more definite and certain under ORCP 21 D.[4] *See Dundas v. Lincoln County*, 48 Or App 1025, 1031, 618 P2d 978 (1980) (concluding that "in the absence of a motion to make more definite and certain," a broad tort claim provided adequate notice to defendant of narrower theory). In addition, the court was not confined to choosing among only the arguments and authorities cited by counsel for or against a properly pleaded claim. *Cooper v. Eugene Sch. Dist. No. 4J*,

---

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

[4] ORCP 21 D provides, in part:

"Upon motion made by a party before responding to a pleading, or if no responsive pleading is permitted by these rules upon motion by a party within 10 days after service of the pleading, or upon the court's own initiative at any time, the court may require the pleading to be made definite and certain by amendment when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge, defense, or reply is not apparent."

301 Or 358, 370 n 12, 723 P2d 298 (1986) (citing *State v. Bennett*, 301 Or 299, 721 P2d 1357 (1986) (Jones, J., concurring)). The post-conviction court granted relief on the ground that counsel was inadequate because he did not assert at sentencing that the elements of petitioner's bank robbery conviction did not match those of an Oregon person felony. That ground for decision was within the scope of petitioner's pleaded claims and thus was properly before the court. Accordingly, we turn to petitioner's contention that the state did not preserve its claim of error.

 Although often described in terms of "issue," "argument," and "source" of authority, *State v. Hitz*, 307 Or 183, 766 P2d 373 (1988), our preservation analysis emphasizes two fundamental considerations:

"First, the requirement that an issue be presented to the lower tribunal in order for it to be raised on appeal serves to prevent error. If the first tribunal is given the opportunity to make a ruling, its ruling may well be correct. Relatedly, it would be a disservice to the economy of the process to require the lower tribunal to conduct further proceedings in order to rectify an error that it was never given the initial opportunity to avoid.

"The second reason is that requiring a party to present its issues at each adjudicative level is essential to a fair process for the other parties and participants. Generally, the opportunity to respond at the appellate level does not cure the denial of that opportunity in trial court and agency proceedings, where all of the factual and much of the legal development of cases must occur." *J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 568, 889 P2d 383, *rev den* 321 Or 47 (1995).

Put more succinctly, the most significant question is whether the trial court had "a realistic opportunity to make the right call." *State v. Doern*, 156 Or App 566, 579, 967 P2d 1230 (1998), *rev den* 328 Or 666 (1999) (Landau, J., dissenting). In this case, the post-conviction court did not have that opportunity in light of the state's current arguments.

In *State v. Morton*, 137 Or App 228, 233, 904 P2d 631 (1995), *rev'd on other grounds* 326 Or 466, 953 P2d 374 (1998), the trial court considered the validity of an arrest

warrant under *former* ORS 153.560(1), which governed the issuance of warrants for failure to appear on a traffic crime charge. The court concluded that the warrant was void under that statute and, therefore, the defendant's subsequent arrest was unlawful. On appeal, the state argued for the first time that the warrant was authorized by a different statute, *former* ORS 153.200(1). We concluded that "the state's argument concerning the validity of the warrant to arrest [the defendant] under one statute does not preserve the argument that the warrant was valid under an entirely different statute." *Id.* at 233.

Likewise, in *Wells Fargo & Co. v. Industrial Indemnity Co.*, 160 Or App 166, 980 P2d 1138 (1999), the plaintiff argued at trial that, under California law, a contract should be reformed because of mistake. The plaintiff asserted that its claim had accrued within the time permitted by a specific three-year statute of limitations. The trial court rejected that argument, concluding that the statute of limitations barred the claim. On appeal, the plaintiff argued for the first time that a different and longer statute of limitations governed the claim. We concluded that the argument was not preserved:

> "The rationale for appellate courts' preservation of error rules includes ensuring that the trial court had an opportunity 'to understand and correct any error.' *State v. Brown*, 310 Or 347, 356, 800 P2d 259 (1990). We do not believe that counsel's argument about when a cause of action might accrue under [the three-year statute of limitations] was sufficient to put the trial court on notice that an entirely different statute of limitations might be applicable to the question." *Wells Fargo*, 160 Or App at 176-77.

The circumstances here are analogous to those found in *Morton* and *Wells Fargo*. Here, the state directed the trial court to ORS 164.395, defining third-degree robbery, in support of its argument that petitioner's federal bank robbery conviction should be classified as a person felony under *former* OAR 253-03-001(14). On appeal, the state argues that the elements of the federal offense match the elements of two other distinct statutory offenses. The state did not refer, in its arguments to the trial court, either to those statutes or to the crimes described in them. In short, the state's current claim of error is not preserved, because the post-conviction court

was not given a reasonable opportunity to make a decision based on the criminal statutes upon which the state now relies.[5]

■ We turn briefly to petitioner's assertion that the post-conviction trial court erred in requiring him to pay court-appointed attorney fees. That decision may not be cross-assigned as error but is, instead, the proper subject of a cross-appeal. *See generally* ORAP 5.57(2) (cross-assignment of error may not seek to reverse or modify the judgment on appeal); *Tifft v. Stevens*, 162 Or App 62, 66, 987 P2d 1 (1999). Petitioner did not comply with the procedural requirements for a cross-appeal. *See, e.g.*, ORAP 2.05 (notice of appeal); ORAP 5.65 (specifications for cross-appellant's brief). We therefore do not consider petitioner's claim of error.

Affirmed.

---

[5] In a recent tax decision, the Supreme Court considered, for the first time on appeal, the applicability of a statute that it concluded required reversal of the tax court's decision. *See Western Generation Agency v. Dept. of Rev.*, 327 Or 327, 959 P2d 80 (1998). In that case, however, the specific principles implicating the statute were alleged in the appellant's pleading before the tax court. We do not understand the court's decision to announce a general rule that it will review *any* error of law, regardless of whether or not it was brought to the attention of the lower tribunal.