Submitted December 22, 2015, affirmed January 21, 2016

JOHN DOUGLAS POLLARD,
*Petitioner-Appellant,*

*v.*

Rob PERSSON,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
13C11217; A156934

366 P3d 762

Jason Weber and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

This is an appeal from a judgment denying petitioner's petition for post-conviction relief. Pertinent to this appeal, the petition alleged that petitioner was entitled to post-conviction relief on the ground that his trial counsel rendered constitutionally inadequate and ineffective assistance of counsel by allowing police to interview petitioner before the charges against him were filed: "An attorney exercising reasonable professional skill and judgment would not have permitted officers to interview petitioner concerning the events giving rise to his conviction offense." In support of that claim, petitioner argued "that an attorney exercising reasonable professional skill and judgment would have recognized that their client was going to be indicted, it was inevitable, and would have recognized that submitting your client to an interview by investigating officers *** most certainly served no useful purpose in this case[.]" The post-conviction court denied relief on that claim, determining that trial counsel made a reasonable strategic decision to permit the police to interview petitioner for the tactical purpose of humanizing petitioner so as to dissuade the prosecutor from pursuing Ballot Measure 11 charges against petitioner.[1]

On appeal, petitioner advances a different theory as to why he is entitled to post-conviction relief. No longer does petitioner contend that trial counsel performed deficiently by permitting the interview to happen. In fact, petitioner explicitly states that he "accepts the post-conviction court's finding that counsel made a reasonable strategic decision to allow the police to interview petitioner." Petitioner now contends the deficiency in counsel's performance was, instead, the failure to adequately prepare and strategize for the interview. According to petitioner, counsel's lack of preinterview preparation and investigation resulted in petitioner making statements in the interview, which were admitted at petitioner's criminal trial, to petitioner's detriment—something that, in petitioner's view, could have been averted with adequate preparation.

---

[1] The strategy did not succeed; the prosecutor charged petitioner with second-degree assault and also with driving under the influence of intoxicants. A jury convicted petitioner of those charges.

The problem for petitioner is that the petition does not contain a claim that trial counsel was inadequate and ineffective for failing to adequately prepare and strategize for the interview. The only claim regarding the interview was fundamentally different: that trial counsel was inadequate and ineffective by allowing the interview to occur at all. The Post-Conviction Hearing Act does not permit that shift in theory from a claim alleged in the petition to one that is not: "The Post-Conviction Hearing Act makes clear that relief under the Act is available only as to claims that actually have been alleged in the petition or amended petition and, indeed, that claims not raised in the petition are waived unless the petitioner establishes that the claims could not reasonably have been asserted at that time." *Bowen v. Johnson*, 166 Or App 89, 93, 999 P2d 1159, *rev den*, 330 Or 553 (2000). For that reason, we must affirm.

Affirmed.