Submitted August 18, 2016, affirmed May 10, 2017

JAMES E. JOHNSON,
*Petitioner-Appellant,*

*v.*

John MYRICK,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV131188; A157985

396 P3d 285

Jed Peterson and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

**LAGESEN, J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief from convictions for various sexual offenses arising from his abuse of his girlfriend's three daughters—A, K, and T—over the course of several years. He assigns error to the post-conviction court's denial of relief on his claim that his trial counsel rendered constitutionally inadequate and ineffective assistance of counsel, in violation of petitioner's rights under Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution, when counsel did not object to the admission of evidence that petitioner's abuse of A began in Tennessee, before the family moved to Oregon. For the reasons that follow, we affirm.

Petitioner was convicted of two counts of second-degree rape, ORS 163.365; nine counts of first-degree sexual abuse, ORS 163.427; and four counts of second-degree sexual abuse, ORS 163.425. At his criminal trial, the state introduced evidence that petitioner's abuse of A began in Tennessee, where the family had lived before moving to Oregon. K recounted that she inadvertently witnessed petitioner engaged in sexual contact with A while they were in Tennessee, and A testified generally that petitioner's abuse had started in Tennessee and continued over an extended period of time, including after the family moved to Oregon. Other witnesses also testified that A had told them that petitioner's abuse of her began in Tennessee. Trial counsel did not object to the admission of that evidence, or request that the court provide a limiting instruction to the jury on how it could take the evidence into account.

After an unsuccessful appeal, petitioner initiated this proceeding. Pertinent to his assignment of error, the operative post-conviction petition alleged:

> "Trial counsel *** failed to file a motion or otherwise object at trial when the State utilized evidence of sexual abuse which had occurred outside of Marion County, Oregon. In particular, trial counsel should have objected to any claims arising from incidents which were alleged to have occurred in the State of Tennessee. The Tennessee allegations were presented on several occasions during

trial, including during the State's opening statements * * * and during [A's] testimony * * *. As a result, Petitioner was required during his own direct testimony to refute those allegations which were related to Tennessee (but had not been charged against Petitioner in the State's Indictment)."

Petitioner did not develop any argument in support of that claim. The argument section of his trial memorandum simply quoted the claim as alleged and represented that "[p]etitioner may elect to testify about this claim at his post-conviction relief trial." At the post-conviction trial, petitioner did not further elaborate on the claim and, in particular, did not specify the particular objections that petitioner thought trial counsel should have raised with respect to the evidence about the Tennessee abuse allegations.[1]

The post-conviction court denied relief. Regarding petitioner's claim that trial counsel was inadequate and ineffective for not objecting to the admission of evidence about the abuse occurring in Tennessee, the post-conviction court explained:

"[Petitioner] complains that counsel failed to object or file a motion against testimony from [A] that she was abused in Tennessee, as well as Oregon. He says that as a result, he was required to refute the allegations in the distant state. Of course, he conveniently overlooks that [A] also testified extensively about abuse here in Oregon. Given that petitioner claimed that all the allegations were untrue, the state in which they allegedly occurred was essentially irrelevant. Nor has Petitioner set forth any legal reason which would have supported an objection by counsel, nor any proof that such an objection would have been sustained."

As noted, petitioner has assigned error to the post-conviction court's denial of relief on his claim that trial counsel was inadequate and ineffective for not objecting to the admissibility of evidence regarding the abuse of A in Tennessee. In support of that assignment of error, petitioner advances a much more developed argument than the one he presented to

---

[1] Petitioner's focus at the post-conviction trial was on his claim that trial counsel was inadequate and ineffective for permitting fines and attorney fees to be assessed against petitioner without a determination that petitioner had the ability to pay those fines or fees.

the post-conviction court. He now contends that trial counsel was inadequate and ineffective for not raising OEC 403 and 404 objections to the evidence of the abuse occurring in Tennessee. In addition, he contends—for the first time—that trial counsel was inadequate and ineffective for not requesting a limiting instruction addressing the evidence.

Defendant, the Superintendent of the Two Rivers Correctional Institution (the superintendent), responds that petitioner's OEC 403 and 404 arguments are not preserved and that, in any event, counsel reasonably could have declined to raise the belatedly-identified objections because, under the circumstances of petitioner's case, the objections were not likely to be sustained. As to petitioner's arguments about the limiting instruction, the superintendent points out that petitioner did not allege in the petition a claim that trial counsel was inadequate and ineffective for not requesting a limiting instruction. Consequently, the superintendent asserts that, under *Sullivan v. Popoff*, 274 Or App 222, 232 n 6, 360 P3d 625 (2015), *rev den*, 358 Or 833 (2016), those arguments do not present a basis for reversing the post-conviction court's judgment.

Starting with petitioner's claim that trial counsel was inadequate and ineffective for not raising OEC 403 and 404 objections to the evidence that petitioner abused A in Tennessee, we agree with the superintendent that petitioner did not preserve the argument that he presses on appeal. As we have explained, "[p]reservation principles apply in the context of post-conviction relief and, as a general rule, arguments not made to the post-conviction court will not be considered on appeal." *Hale v. Belleque*, 255 Or App 653, 660, 298 P3d 596, *adh'd to on recons*, 258 Or App 587, 312 P3d 533, *rev den*, 354 Or 597 (2013). We recently applied that "general rule" in *Johnson v. Premo*, 269 Or App 686, 697-99, 346 P3d 578, *adh'd to as amended*, 271 Or App 573, 351 P3d 86, *rev den*, 358 Or 248 (2015). There, we concluded that the petitioner's "global, generic, and amorphous" argument to the post-conviction court in support of a particular claim did not operate to preserve the focused and refined arguments that the petitioner presented on appeal because the arguments that the petitioner made to the post-conviction court did not communicate the points that he was advancing in our court. *Id.*

This case is no different than *Johnson*. Below, petitioner generically asserted that trial counsel was inadequate and ineffective for not objecting to the evidence about the Tennessee abuse. However, at no point did petitioner identify any particular objection that petitioner thought trial counsel should have made, or otherwise develop an argument to support his claim. The post-conviction court rejected petitioner's claim for that reason, expressly observing that petitioner had not "set forth any legal reason which would have supported an objection by counsel."[2] It is only now, on appeal, that petitioner finally has identified the legal basis for an objection by counsel: OEC 403 and, to some degree, OEC 404.[3] As in *Johnson*, "[r]egardless of how we might otherwise have assessed the latter [argument], we cannot, and will not, hold that the trial court erred in rejecting the former." *Id.* at 699.[4]

---

[2] The post-conviction court's ruling was consistent with the responsibility to identify the specific grounds for an objection that OEC 103(1)(a) places on trial lawyers. That rule generally requires that a party objecting to the admissibility of evidence identify "the specific ground of the objection, if the specific ground [is] not apparent from the context." OEC 103(1)(a). In view of OEC 103's specificity requirement, a trial lawyer generally does not perform unreasonably by not raising a generalized objection to the admissibility of evidence; a reasonable lawyer ordinarily would comport with the requirements of OEC 103 either by identifying a specific basis for an objection (unless context provided the necessary specificity), or by not objecting at all in the absence of specific grounds for an objection.

[3] Petitioner's OEC 404 argument ultimately reduces to an argument that OEC 404 would require the exclusion of the evidence because OEC 404 incorporates OEC 403 and, in petitioner's view, OEC 403 would require the exclusion of the evidence.

[4] In his brief on appeal, petitioner does not dispute that he did not argue to the trial court that OEC 403 was the objection that, in his view, trial counsel should have made to the evidence about the Tennessee conduct. Instead, petitioner points out that, in responding to petitioner's claim in his trial memorandum, the superintendent asserted that the evidence would have been admissible under OEC 404(3), and appears to suggest that the superintendent's reference to OEC 404(3) sufficiently alerted the post-conviction court of petitioner's theory regarding OEC 403. We disagree. To reach that conclusion would be to hold, in effect, that the post-conviction court had an obligation to generate an argument for petitioner from a few clues littered in its path. We decline to do so. It was petitioner's obligation, not the court's or the superintendent's, to develop below the argument that he presents on appeal. Had the post-conviction court ruled on the arguments that petitioner advances on appeal because of the superintendent's arguments or otherwise, we might reach a different conclusion, but it did not do so. Instead, the court rejected petitioner's claim because, as the court correctly observed, petitioner did not identify any legal grounds on which trial counsel could have objected.

Turning to petitioner's assertions regarding a limiting instruction, the superintendent is correct that *Sullivan* disposes of those contentions. In *Sullivan*, the petitioner, like petitioner here, argued on appeal that his trial lawyer was inadequate and ineffective for not requesting a limiting instruction to limit the jury's consideration of certain evidence, although the petitioner had not alleged a claim of that nature in the petition for post-conviction relief. *Sullivan*, 274 Or App at 232 n 6. We explained that the petitioner's "argument [was] not properly before us" because the petitioner alleged in the petition only that trial counsel was inadequate and ineffective for not objecting to the evidence, which was "a distinct issue" from whether trial counsel was inadequate and ineffective for not requesting a limiting instruction. *Id.* Further, "[a] petitioner cannot obtain post-conviction relief on a claim that was not pleaded in the petition (or amended petition)." *Id.* For those reasons, petitioner's appellate argument that trial counsel was inadequate and ineffective for not requesting a limiting instruction addressing the evidence about the abuse in Tennessee does not provide a basis for reversal.

Affirmed.