WALTERS, J.
**510 We allowed review in this case to determine whether the Court of Appeals correctly dismissed petitioner's cross-appeal as untimely. After we did so, petitioner filed his brief in the Court of Appeals and included cross-assignments of error seeking the same relief that he seeks in his cross-appeal. For the reasons that follow, we conclude that petitioner's cross-assignments of error are permitted by ORAP 5.57(2) and that resolving the merits of the issue on review in this court will no longer have a practical effect on the rights of the parties. We therefore dismiss the petition for review as moot.
Following a bench trial, petitioner was convicted of three crimes and sentenced accordingly. After entry of judgment and an unsuccessful appeal to the Court of Appeals,[1] petitioner filed a petition for post-conviction relief.[2] Petitioner alleged one claim of ineffective assistance of counsel, and, in that claim, specified five instances in which his trial counsel allegedly failed to exercise reasonable professional skill and judgment. Petitioner sought an order reversing his convictions and sentences. After a hearing, the post-conviction court made oral findings. The court found that, although three of petitioner's specifications were without merit, two were well-taken. As a result, the court stated, it would "over-turn the convictions in order [that] they be remanded back to the trial court." The court then entered a judgment allowing the petition, effectively setting aside petitioner's convictions and remanding the case to the trial court for a new trial.[3]
*1181 **511 Defendant (the superintendent) appealed the post-conviction judgment, and petitioner filed a notice of cross-appeal, raising issues on which he had not prevailed in the post-conviction proceedings. The Court of Appeals determined that petitioner's notice was untimely and dismissed his cross-appeal for lack of jurisdiction. Behrle v. Taylor , 283 Or. App. 629, 632, 389 P.3d 419 (2017). Petitioner sought review of the order of dismissal, which this court allowed. Meanwhile, the superintendent's appeal of the post-conviction judgment, Behrle v. Taylor , continued in the Court of Appeals.[4] In his brief in that court, the superintendent contended that the post-conviction court had erred when it granted post-conviction relief based on two specifications of ineffective assistance of counsel. Petitioner filed an answering brief, which included cross-assignments of error. In responding to the superintendent's arguments, petitioner maintained that the post-conviction court had properly granted post-conviction relief based on those two specifications. In his cross-assignments of error, petitioner argued that the post-conviction court had erred when it denied post-conviction relief based on three other specifications of ineffective assistance of counsel.
After petitioner filed his brief in the Court of Appeals, the superintendent provided this court with notice of probable mootness pursuant to ORAP 8.45.[5] The superintendent informed us of petitioner's cross-assignments of error and took the position that ORAP 5.57(2) permitted them. Therefore, the superintendent submitted, petitioner could obtain, by means of cross-assignment of error, the same relief that he could obtain by cross-appeal. The superintendent argued that resolving the merits of petitioner's claim in this court-that the Court of Appeals had erred in dismissing his cross-appeal-would no longer have a practical effect on the rights of the parties. Petitioner does not disagree, but he notes that the Court of Appeals has yet to **512 determine whether his cross-assignments of error are permitted. We take up that issue.
A cross-assignment of error is appropriate if two conditions are met: (1) "[i]f, by challenging the trial court ruling, the respondent does not seek to reverse or modify the judgment on appeal"; and (2) "[i]f the relief sought by the appellant were to be granted, respondent would desire reversal or modification of an intermediate ruling of the trial court." ORAP 5.57(2)(a), (b). We agree with the parties that those conditions are met here.
The first condition is met because petitioner is not seeking to reverse or modify the post-conviction judgment. Petitioner filed only one claim for post-conviction relief, and the judgment on appeal is a judgment allowing that one claim.[6] Petitioner seeks to affirm that judgment.[7] In his cross-assignments of error, petitioner challenges an aspect of the post-conviction court's ruling, but not its ultimate conclusion. Petitioner contends that the post-conviction court erred in finding that three of his specifications of ineffective assistance of counsel were without merit. An appellate court decision agreeing with petitioner in that regard would provide an independent basis for affirming the post-conviction judgment. Thus, petitioner (respondent in the Court of Appeals) "does not seek to reverse or modify"
*1182 the post-conviction judgment allowing his petition. Rather, petitioner seeks affirmance of that judgment on independent grounds and thus meets the condition set out in ORAP 5.57(2)(a).[8]
**513 Petitioner also meets the condition set out in ORAP 5.57(2)(b). On appeal to the Court of Appeals, the superintendent seeks a determination that the post-conviction court erred in finding that two specifications of inadequate assistance of counsel were well-taken and entering a judgment that effectively reverses petitioner's convictions. If the superintendent were to obtain that relief from the Court of Appeals, petitioner "would desire reversal *** of an intermediate ruling of the [post-conviction] court," because petitioner would want the Court of Appeals to reverse the post-conviction court's ruling that three other specifications of ineffective assistance of counsel were without merit. Such a result would modify the trial court's findings and provide an alternate, independent basis for the post-conviction court's grant of post-conviction relief. Thus, both of the conditions set out in ORAP 5.57(2) are satisfied, and petitioner's cross-assignments of error are permitted.
When it becomes clear in the course of a judicial proceeding that resolving the merits of a claim "no longer will have a practical effect on or concerning the rights of the parties," the case is moot. Brumnett v. PSRB , 315 Or. 402, 406, 848 P.2d 1194 (1993). Because we have decided that petitioner is entitled to raise as cross-assignments of error the same issues that he attempted to raise by cross-appeal, petitioner's request for review in this court is moot. Whether the Court of Appeals erred in dismissing petitioner's cross-appeal is no longer of consequence; petitioner is entitled to obtain by cross-assignment of error in the Court of Appeals the same relief that he could have obtained if the Court of Appeals had not dismissed his cross-appeal. Thus, resolving the merits of petitioner's claim in this court will no longer have a practical effect on the rights of the parties.
The petition for review is dismissed as moot.

In that direct appeal, petitioner followed his notice of appeal with a motion to dismiss. The Court of Appeals granted the motion and dismissed the appeal. State v. Justin Theron Behrle , (A154360) (Aug. 8, 2014).

Petitioner filed his first petition without counsel. After counsel was appointed, petitioner filed an amended petition. We refer to the amended petition in this appeal.

In the form judgment that it used, the court made a mark indicating that the petition was "Allowed." The court did not make a mark indicating that the petition was "Denied" or that any of the three reasons for denial listed on the form were applicable. However, on the portion of the form judgment providing room for the court to indicate the "[l]egal bases for denial of relief," the court inserted, "Findings made on the record." Because the record clearly establishes that the court intended to allow, rather than to deny, the petition and the relief requested, it appears that the court intended to indicate the legal bases for allowing, rather than for denying, relief. The parties do not argue otherwise.

That matter is still pending before the Court of Appeals.

"Except as to facts the disclosure of which is barred by the attorney-client privilege, when a party becomes aware of facts that probably render an appeal moot, that party shall provide notice of the facts to the court and to the other party or parties to the appeal, and may file a motion to dismiss the appeal." ORAP 8.45 (footnote omitted).

In his brief in the Court of Appeals, petitioner describes the trial court's error as error in denying him relief on his first, second, and third "claim[s]." However, in his petition in the post-conviction court, petitioner alleges only one claim for relief. In that one claim for relief, petitioner specifies five instances in which his trial counsel allegedly provided ineffective assistance. Petitioner's assignments of error are more accurately described as assigning error to the trial court's rulings denying him relief on the first, second, and third specifications included in his claim of ineffective assistance of counsel.

Because there is only one claim for relief, the judgment pertains only to that claim. We do not decide what would follow if a petitioner included more than one claim for relief and a judgment allowed one or more of those claims.

Thus, this case is different from Building Structures, Inc. v. Young , 328 Or. 100, 111, 968 P.2d 1287 (1998), in which the defendants' arguments, if accepted, would have supported a different result (entry of judgment for defendants) than the trial court entered (an order granting a new trial). There, because defendants' argument, if accepted, would have resulted in reversal or modification of the judgment, the court considered defendants' argument in the context of their cross-appeal and not as an alternative argument that supported the circuit court's judgment under ORAP 5.57(2). Id.