DEHOOG, P.J.
*388 Defendant (the superintendent) appeals a judgment granting post-conviction relief to petitioner,[1] arguing that the post-conviction court erred in granting relief on a basis that petitioner did not allege in his amended petition for relief. We agree with the superintendent and reverse.
We begin by briefly reviewing the statutes governing post-conviction relief. To initiate post-conviction proceedings, a petitioner must file a petition for relief "set[ting] forth specifically the grounds upon which relief is claimed and *** stat[ing] clearly the relief desired." ORS 138.580. Upon receiving the defendant's response to the petition, the court must hold a hearing "on the issues raised." ORS 138.620(1). "If the petition states a ground for relief, the court shall decide the issues raised ***. The burden of proof of facts alleged in the petition shall be upon the petitioner to establish such facts by a preponderance of the evidence." ORS 138.620(2). If the petitioner satisfies that burden and thereby establishes one or more of the grounds for relief set forth in ORS 138.530(1), the post-conviction court must grant relief.
Collectively, those statutes limit post-conviction relief to "only *** claims that actually have been alleged in the petition or amended petition." Bowen v. Johnson , 166 Or. App. 89, 93, 999 P.2d 1159, rev. den. , 330 Or. 553, 10 P.3d 943 (2000). As a result, a post-conviction court errs if it grants relief on a basis that the petitioner did not allege in the operative petition. See, e.g. , Leyva-Grave-De-Peralta v. Blacketter , 232 Or. App. 441, 448, 223 P.3d 411 (2009), rev. den. , 348 Or. 114, 228 P.3d 1213 (2010).
Thus, this case turns on what it means, under our case law, for a claim "actually [to] have been alleged in the petition or amended petition." Bowen , 166 Or. App. at 93, 999 P.2d 1159. That is, we must determine whether, as petitioner maintains, the allegations in the petition here encompass the basis on which the post-conviction court granted relief, or *389 rather, as the superintendent contends, the court impermissibly granted relief on a basis that the allegations did not encompass. In making that determination, we review the post-conviction court's grant of relief for legal error, Abbott v. Baldwin , 178 Or. App. 289, 291, 36 P.3d 516 (2001), rev. den. , 334 Or. 75, 45 P.3d 449, cert. den. , 537 U.S. 901, 123 S.Ct. 217, 154 L.Ed.2d 174 (2002), and accept the court's findings of historical fact if they are supported by evidence in the record, Green v. Franke , 357 Or. 301, 312, 350 P.3d 188 (2015).
In petitioner's underlying trial, a jury convicted him of assault in the second degree, ORS 163.175, among other offenses. In his amended petition for post-conviction relief, petitioner alleged that he had received inadequate and ineffective assistance of trial counsel under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. Specifically, petitioner alleged that his trial attorney performed deficiently in failing to "employ[ ] an *761 investigator to investigate the charges against [petitioner] and call[ ] the relevant witnesses to testify on his behalf." Petitioner amplified that allegation as follows:
"Petitioner's central defense was a claim of self-defense. Trial counsel failed to employ an investigator to investigate the charges pending against petitioner or to support his claim of self-defense. Had trial counsel employed an investigator, he would have learned there were at least two available fact witnesses, [petitioner's parents], who observed petitioner after the incident *** and would have testified [that] he complained of a broken rib as a result of the fight with the alleged victim. The witness testimony would have been significant because [it] would have supported petitioner's claim of self-defense to refute the most serious charge of Assault II ***. The witness testimony would have also supported petitioner's overall credibility, which was a central factor for the trier of fact in this case, given the 'he-said, she-said' nature of the facts.
"An attorney exercising reasonable professional skill and judgment would have employed an investigator to investigate the charges against his client and called the relevant witnesses to testify on his behalf . Without performance of adequate investigation, there could be no discovery of the witnesses who would have testified on petitioner's behalf regarding his injuries following the fight. Without *390 such witnesses, petitioner's claim of self-defense, and other defense claims, was left unsupported. Petitioner was prejudiced by trial counsel's failure to employ an investigator in his case and bring relevant witnesses on his behalf ."
(Citations and footnote omitted; emphases added.)
As that excerpt from the amended petition makes clear, the focus of petitioner's inadequate-assistance claim, as alleged, was on trial counsel's failure to discover and procure the attendance of witnesses who might testify on his behalf. In his trial memorandum, however, petitioner shifted that focus, raising for the first time counsel's alleged failure to have an investigator interview a known witness, Parker, who testified in the criminal trial. In the underlying trial, counsel had identified Parker as a defense witness and, in his opening statement, told the jury that Parker would testify "consistent with what she told police"-that she had seen the victim hitting petitioner and petitioner punching the victim in response. On the stand, however, Parker testified that she had not seen the beginning of the altercation and had only observed the victim punching petitioner, indicating that petitioner had likely hit her first. When counsel asked Parker whether she remembered having told the police that she had seen petitioner punch the victim, Parker answered, "Absolutely not." As a result of those developments at the criminal trial, petitioner's post-conviction trial memorandum asserted that counsel's failure to have an investigator contact Parker before trial had prejudiced him. Petitioner's stated theory was that an investigator could have "preserve[d Parker's] statement and ensure[d that] defense [counsel] was knowledgeable about her testimony," enabling counsel to "avoid[ ] an appearance of ignorance of the case before the jury." The superintendent responded that the allegations of the petition did not encompass petitioner's claim related to Parker and, alternatively, that petitioner could not prove that he had been prejudiced by that alleged deficiency of counsel in failing to have an investigator contact Parker.
At the conclusion of the post-conviction trial, the court granted relief as to petitioner's claim of inadequate assistance of counsel. Ruling from the bench, the court *391 concluded that counsel's failure to employ an investigator was unreasonable because, as a result, Parker's testimony had "completely destroy[ed]" petitioner's self-defense claim. In its written judgment, the court reasoned that hiring an investigator to speak with Parker would have "prevented the embarrassment of having [the] witness testify [at] odds with what [defense counsel] had told the jury she was going to say."
On appeal, the superintendent argues that the post-conviction court erred by granting relief on a basis that the petition failed to allege. Petitioner responds that the court granted relief on the same claim that he alleged in the petition-inadequate assistance of counsel based on the failure to employ an investigator. He argues that the basis for relief remained the same, even though *762 the court relied on a different theory of prejudice than that alleged in the petition.
As noted, a post-conviction court may grant relief only on a basis that the petition alleges. Leyva-Grave-De-Peralta , 232 Or. App. at 448, 223 P.3d 411 (citing Bowen , 166 Or. App. at 92-93, 999 P.2d 1159 ). Our cases provide some guidance as to when a grant of post-conviction relief falls within the allegations of the petition. For example, in Leyva-Grave-De-Peralta , we explained that a post-conviction court errs if it grants relief on a basis that "require[s] different proof and different legal analysis" than the allegations set out in the petition. Id. at 453, 223 P.3d 411. Specifically, we distinguished the basis on which the post-conviction court granted relief in that case (counsel's failure to consult with the petitioner regarding whether to allow the jury to consider a lesser-included offense) from the allegations in the petition (counsel's failure to object to the trial court's decision to allow the jury to consider the lesser-included offense). Id . We rejected the petitioner's contention "that the 'failure to consult' aspect of his case [was] simply a different argument in support of his broader claim, rather than a different claim altogether." Id. at 452, 223 P.3d 411 ; see also Ramirez v. State of Oregon , 214 Or. App. 400, 401, 164 P.3d 1221, rev. den. , 343 Or. 554, 173 P.3d 831 (2007) (refusing to consider on appeal claim that counsel failed to advocate for a sentence that would have avoided immigration consequences, where petition alleged only that counsel had provided "false and misleading advice" regarding immigration consequences).
*392 Other cases have drawn similar distinctions. We have observed that, where a petition alleged inadequate assistance of counsel based on counsel's decision to allow the police to interview the petitioner, that claim did not encompass an allegation of inadequate assistance based on counsel's failure "to adequately prepare and strategize" for the interview. Pollard v. Persson , 276 Or. App. 62, 64, 366 P.3d 762 (2016). Similarly, we have held that a claim of inadequate assistance of counsel based upon a failure to object to certain evidence does not allege an inadequate-assistance claim based upon the failure to request a limiting instruction regarding that evidence. See Johnson v. Myrick , 285 Or. App. 395, 401, 396 P.3d 285, rev. den. , 362 Or. 175, 406 P.3d 614 (2017) ; Sullivan v. Popoff , 274 Or. App. 222, 232 n. 6, 360 P.3d 625 (2015), rev. den. , 358 Or. 833, 370 P.3d 504 (2016).
To be sure, a post-conviction court's authority to grant relief is not entirely constrained by the precise manner in which a petitioner alleges a claim for relief. We have recognized that a post-conviction court may grant relief as to matters "within the scope of [the] pleaded claims," Reynolds v. Lampert , 170 Or. App. 780, 787, 13 P.3d 1038 (2000), or "directly traceable to" the allegations of the petition, Abbott , 178 Or. App. at 296, 36 P.3d 516. And, so long as the petition sufficiently alleges a particular ground for relief, the court is not "confined to choosing among only the arguments and authorities cited by [the petitioner] for or against [that] properly pleaded claim." Reynolds , 170 Or. App. at 786, 13 P.3d 1038. In Reynolds , for example, the petitioner alleged inadequate assistance of counsel based on counsel's failure to "[i]nvestigate and correct [a presentencing report] concerning prior crimes alleged as 'person felonies' and 'felonies' " or to "[i]nform himself regarding the client's prior convictions." Id. at 782, 13 P.3d 1038. We held that the post-conviction court did not err in granting relief on the ground that, at sentencing, counsel had failed to "raise[ ] the issue of whether the elements of the federal * * * charge constituted a person felony under Oregon law." Id. at 783-84, 13 P.3d 1038. Although the petition in that case did not specify exactly what counsel was expected to have argued after investigating the petitioner's conviction history, it sufficiently alleged that counsel should have used the results of that investigation to influence the petitioner's sentence.
*393 Thus, we concluded, the court's basis for relief "was within the scope of petitioner's pleaded claims." Id. at 787, 13 P.3d 1038.[2]
*763 Similarly, in Abbott , the petitioner alleged multiple instances of inadequate assistance of counsel, each relating to counsel's failure to assert a statute of limitations defense. 178 Or. App. at 295, 36 P.3d 516. The post-conviction court granted relief on the grounds that counsel had not "move[d] for a judgment of acquittal at the close of the state's case" or "object[ed] to jury instructions dealing with the statute of limitations," which, the court concluded, had prejudiced the petitioner because the indictment did not relate back to earlier, dismissed indictments. Id . at 295-96, 36 P.3d 516. We held that, even though the petitioner had neither alleged nor argued those specific theories of prejudice, the post-conviction court had not erred, because those grounds for relief were "directly traceable to, and [fell] within the scope of, the claims alleged in the post-conviction petition." Id. at 296, 36 P.3d 516 ; see Leyva-Grave-De-Peralta , 232 Or. App. at 453, 223 P.3d 411 (noting the "near-congruity of the claim pleaded and the basis for relief in Abbott "). That is, the question of prejudice turned on whether a statute of limitations defense would have succeeded-i.e. , whether trial counsel's failure to raise the issue would have had a tendency to affect the verdict-and the post-conviction court appropriately applied the correct legal analysis to that question, notwithstanding the specific arguments that the petitioner had articulated.
Here, in contrast, petitioner's alleged basis for relief "required different proof and a different legal analysis than the ground relied on by the post-conviction court." Leyva-Grave-De-Peralta , 232 Or. App. at 453, 223 P.3d 411. Factually, the focus of the petition was on the alleged failure to investigate and potentially discover witnesses who could help substantiate petitioner's self-defense claim; the court's basis for relief, *394 however, focused on how additional investigation-and, in particular, how having an investigator interview Parker, a known witness under subpoena-might have better prepared counsel for trial and allowed him to avoid the potential embarrassment of being contradicted by a witness central to petitioner's defense. Both lines of inquiry may have related generally to the alleged deficiency of failing to employ an investigator, but nothing about the events at trial on which the court based its relief was "directly traceable" to the failure to discover additional witnesses on petitioner's behalf. Abbott , 178 Or. App. at 296, 36 P.3d 516 ; cf. Reynolds , 170 Or. App. at 786-87, 13 P.3d 1038 (specific theory of counsel's failure to correct sentencing error was within the scope of general allegation that counsel should have discovered that error). See generally Richardson v. Belleque , 362 Or. 236, 266-68, 406 P.3d 1074 (2017) (analyzing prejudice based on different ways in which "competent defense counsel could have used the information" that an investigation would have uncovered). And, as to whether the two bases for relief invoked different legal analyses, the obligation to conduct a proper investigation, on the one hand, and the obligation to properly prepare and strategize for trial, on the other, may to some extent overlap, but they are by no means coextensive; moreover, they do not inevitably flow from one to the other. Accordingly, the post-conviction court erred in granting relief on a basis that was not "within the scope of [the] pleaded claims." Reynolds , 170 Or. App. at 787, 13 P.3d 1038 ; see ORS 138.620(2) ("If the petition states a ground for relief, the court shall decide the issues raised ***.").
Petitioner argues that, to the extent that our case law might otherwise dictate the conclusion that the post-conviction court's basis for granting relief did not fall within the allegations of the petition, there are two separate grounds that nonetheless support affirmance. First, petitioner contends that, because his trial memorandum put the superintendent on notice of the basis on which the court granted relief, the superintendent was not prejudiced in his ability to prepare for and address that issue. Petitioner appears to reason that, because the post-conviction hearing would not have been any different if he had amended the petition to include an allegation specific to Parker, it is appropriate to *395 construe the operative petition broadly so as to encompass that allegation. However, we have rejected that approach *764 in analogous circumstances, and we see no reason to view petitioner's case differently. See Leyva-Grave-De-Peralta , 232 Or. App. at 451-52, 223 P.3d 411 (rejecting reasoning that, under ORCP 12 A, allegations should be "liberally construed with a view of substantial justice between the parties," because "the 'liberal construction' rule of ORCP 12 A does not trump the specific pleading requirements set out" in the statutes governing post-conviction relief); Hagel v. Hill , 200 Or. App. 361, 364-65, 114 P.3d 536 (2005) (declining to read petition broadly where the petitioner alleged one claim in his petition, then argued a factually related but legally distinct claim in his trial memorandum; holding that the petitioner had waived the latter claim). Here, as the superintendent points out, nothing would have prevented petitioner from moving to amend the petition after the state objected on the grounds that the claim as to Parker was beyond its scope, yet petitioner evidently chose not to do so. See Ramsey v. Thompson , 162 Or. App. 139, 145, 986 P.2d 54 (1999), rev. den. , 329 Or. 589, 994 P.2d 130 (2000) (discussing court's discretion to allow amendments to post-conviction petition). Under those circumstances, it is immaterial that the superintendent was on notice of petitioner's new theory.
Second, in a memorandum of additional authorities, petitioner cites Behrle v. Taylor , 362 Or. 509, 412 P.3d 1179 (2018), in which the Supreme Court observed that the petitioner's post-conviction "claim" in that case was, broadly speaking, a single claim of inadequate assistance of counsel, and not each of the five specified "instances in which his trial counsel allegedly provided ineffective assistance"; the court described petitioner's five itemized allegations as "specifications." Id. at 512, 412 P.3d 1179 n. 6. Petitioner contends that, under Behrle , a post-conviction court may grant relief on the basis of any proven facts or "specifications" constituting inadequate assistance of counsel, so long as the petition sufficiently alleges a broad "claim" of inadequate assistance of counsel. In other words, petitioner reads Behrle to effectively define the scope of a "claim" for purposes of our current analysis, such that his theory of relief related to Parker would be a "specification" within the "claims that actually *396 have been alleged in the petition." Bowen , 166 Or. App. at 93, 999 P.2d 1159 (emphasis added).
We do not understand Behrle 's reach to extend that far. In Behrle , the relevant issue was whether, under ORAP 5.57(2), a petitioner seeking on appeal to uphold an award of post-conviction relief could raise certain issues through a cross-assignment of error. 362 Or. at 510, 412 P.3d 1179. The court concluded that the petitioner could, because he sought to uphold the judgment on the basis of one of his "specifications" of inadequate assistance of counsel, the claim that formed the basis of the judgment on appeal. Id. at 512, 412 P.3d 1179. To the extent that the Supreme Court considered the scope of the pleadings at all in that case, it did not consider whether the post-conviction court could have awarded relief on the basis of allegations not set forth in the petition, which is the issue in this case. Accordingly, Behrle does not shed any light on our analysis here, nor does it affect the outcome.
Reversed.

This is the second appeal from petitioner's post-conviction case. Petitioner previously appealed successfully after the post-conviction court granted the superintendent's motion to dismiss. Ogle v. Nooth , 355 Or. 570, 330 P.3d 572 (2014).

In Reynolds , the superintendent argued that the petitioner's allegations were "too broad" to prompt a specific response from the state, i.e. , that the petitioner's "failure to raise the specific theory on which the post-conviction court relied deprived the state of a fair opportunity to respond." 170 Or. App. at 786, 13 P.3d 1038 (emphasis in original). We explained that the superintendent could have sought assistance from the post-conviction court if the claims for relief appeared to be overly general. For example, "[i]f the state was uncertain as to the specific theories encompassed by petitioner's pleading, it could have made a motion to make more definite and certain under ORCP 21 D." Id.