EGAN, C. J.
*209 *585 Petitioner appeals a judgment denying post-conviction relief from convictions of two counts of fourth-degree assault, and one count each of second-degree assault and strangulation. The post-conviction court concluded that petitioner's trial counsel performed inadequately by failing to object, move to strike, or request a limiting instruction after the victim in the case testified about "prior abuse" committed by petitioner. However, the post-conviction court concluded that counsel's failure did not prejudice petitioner. On appeal, petitioner raises a single assignment of error, arguing that the court erred in so concluding. The state cross-assigns error to the court's conclusion that petitioner's trial court counsel performed deficiently. We agree with petitioner and reverse.
To obtain post-conviction relief based on a claim of inadequate assistance of counsel, petitioner first must demonstrate "by a preponderance of the evidence that [his or her counsel] failed to exercise reasonable professional skill and judgment." Green v. Franke , 357 Or. 301, 312, 350 P.3d 188 (2015) (brackets in original). If petitioner meets that burden, he must also prove that he was prejudiced, or in other words, that his "counsel's failure had a tendency to affect the result of his trial." Id. The "tendency to affect the outcome standard demands more than mere possibility, but less than probability." Id. at 322, 350 P.3d 188. Our review of a post-conviction court's determinations on these issues is for errors of law, and we are bound by the court's findings of historical fact if there is evidence in the record to support them. Id. at 312, 350 P.3d 188.
The material facts pertaining to petitioner's inadequate assistance claim are not in dispute. In the underlying criminal proceeding, petitioner was charged with one count each of second-degree assault and strangulation, and two counts of fourth-degree assault. All of the charges arose out of physical altercations between petitioner and J, petitioner's wife at the time, that had occurred on two separate days. At trial, petitioner and J testified. Each told a different story about the altercations. J testified that, on the first day, petitioner grabbed her by the throat and took her to a wall, *586 choking her for "seconds," long enough for J to "feel like [she] was going to pass out." Regarding the second day, J testified that, after an argument, petitioner followed her into their bedroom, grabbed a lamp off the bedside table, and hit her over the head with it. Petitioner, on the other hand, testified that he never assaulted or choked J. Petitioner testified that he and J had a verbal altercation, during which J broke a lamp on the floor. Petitioner testified that he told J that it was not acceptable to destroy household items, that he was leaving, and that J began "running around screaming" that she was going to get petitioner arrested. Further, petitioner testified that J hit herself with the lamp.
In her testimony, J made several statements in response to questions about the history of her relationship with petitioner. After the prosecutor asked J how it "came about" that she and petitioner moved to Oregon, J testified that they had first moved to California "after [petitioner] had hit [her] in the head in Alabama with [a], a wooden box, and [she] became not able to control him [herself]." On cross-examination, after the defense attorney asked J whether there was still a mark visible on her neck from the alleged strangulation, J testified that she also had a scar "from the first time when he hit [her] with the metal box in Alabama." Also on cross-examination, after the defense attorney asked whether J was ready to move back to Alabama when the altercations occurred, J testified that she was not, and explained,
"I'm here now because I like it here. It's better than Alabama. I mean, there's women's rights. There's people who want to help you. Before when I got beat, nobody cared, and I thought that it was okay. But when I got here, they gave me resources that showed me, when I opened the book and I read and learned what an abusive husband was about, I realized that I was in an abusive relationship."
Neither the prosecutor nor the defense objected or made any motions or requests for jury instructions regarding J's testimony. Ultimately, the jury found petitioner guilty of all four charges. On the charge of assault in *210 the second degree, the jury voted 10 to two to convict petitioner. On the remaining charges, the jury voted 11 to one. Petitioner appealed the *587 judgment of conviction, and we affirmed without opinion in State v. Frazier , 270 Or. App. 600, 351 P.3d 89 (2015).
Petitioner sought post-conviction relief, making several arguments that his counsel was constitutionally inadequate under Article I, section 11, of the Oregon Constitution. Relevant to this appeal, petitioner alleged:
"(3) Trial counsel failed to object, move to strike, or request a curative instruction after the alleged victim testified to prior abuse that allegedly petitioner committed in Alabama against her. (Tr. 24)"
With respect to that claim, the post-conviction court found that petitioner's trial counsel had performed inadequately by failing to object, move to strike or request a curative instruction "after the victim testified regarding abuse at the hands of the [p]etitioner in Alabama at page 24 of the trial transcript." The court explained:
"In a case where the victim is alleging that the defendant assaulted her and the defendant is denying any assault, testimony regarding prior abuse would be very prejudicial. Allowing testimony of prior bad acts that go to the heart of the dispute without objection or a curative instruction would be difficult to justify as a reasonable strategic decision."
Ultimately, however, the post-conviction court concluded that petitioner had failed to prove prejudice. The post-conviction court focused solely on the statement about "getting hit in the head with a box" on page 24 of the trial court transcript. The court noted:
"There is no testimony about how it happened or even whether it was intentional or accidental. It is far less harmful than other testimony by the victim on cross examination at page 47-48 of the trial transcript, where the victim discusses, without objection, a history of being beaten while in Alabama."
Because petitioner did not explicitly cite pages 47 to 48 of the transcript in his petition for relief, the court concluded that the reference at page 24 "could not have had a tendency to affect the outcome of the trial."
*588 Petitioner filed objections to entry of the proposed general judgment denying him post-conviction relief. Petitioner argued that his citation to page 24 of the trial court transcript was a "courtesy citation" that did not confine his argument solely to the statements found on that page. The court denied petitioner's objection to entry of the proposed judgment and entered a general judgment.
Petitioner appeals the post-conviction court's judgment, arguing, as he did below, that the court erred in concluding that he was not prejudiced by his counsel's failure to object, move to strike, or request a curative instruction after J testified regarding "prior abuse." Petitioner argues that, in his petition for post-conviction relief, he did not allege only that counsel was inadequate for failing to respond properly to J's statements at page 24 of the trial transcript. Petitioner contends that his "courtesy citation" did not limit his argument to page 24, and that his allegation was generally "that trial counsel should have done something to either keep [the evidence of prior abuse] out, or, at the least, instruct the jury with what it could and could not do with that evidence if it was in." The state responds that the post-conviction court was correct in determining that petitioner's claim was limited to the statement occurring on page 24 of the trial court transcript. As noted above, the state also cross-assigns error to the post-conviction court's conclusion that petitioner demonstrated that his counsel performed deficiently. Finally, the state argues that petitioner was not prejudiced by any inadequate performance.
We begin with the state's argument that petitioner's claim is confined to the testimony on page 24 of the trial transcript. If a petitioner satisfies his burden to prove facts alleged in his petition, and "thereby establishes one or more of the grounds for relief set forth in ORS 138.530(1), the post-conviction court must grant relief." Ogle v. Nooth , 292 Or. App. 387, 388, 424 P.3d 759 (2018), rev. allowed , 364 Or. 407, 434 P.3d 970 (2019). The court's "authority to grant relief is not entirely constrained by the precise manner in which a petitioner alleges a claim for relief"
*211 as it extends "to matters within the scope of the pleaded claims." Id . at 392, 424 P.3d 759 (brackets and internal quotation marks omitted). So long as the *589 grounds for relief are "directly traceable to the allegations of the petition," a post-conviction court has authority to grant relief even if the petitioner "neither alleged nor argued" the specific theories of prejudice upon which the post-conviction court grants relief. Id. at 392-93, 424 P.3d 759 (citing Abbott v. Baldwin , 178 Or. App. 289, 295-96, 36 P.3d 516 (2001), rev. den. , 334 Or. 75, 45 P.3d 449, cert. den. , 537 U.S. 901, 123 S.Ct. 217, 154 L.Ed.2d 174 (2002) ). A ground for relief is unlikely to fall within the scope of the petition if it requires "different proof and different legal analysis" from the pleaded claim. Leyva-Grave-De-Peralta v. Blacketter , 232 Or. App. 441, 453, 223 P.3d 411 (2009), rev. den. , 348 Or. 114, 228 P.3d 1213 (2010).
In this case, petitioner alleged that his trial counsel performed inadequately by failing to intervene, either by objecting, moving to strike, or requesting a curative instruction, after the "alleged victim testified to prior abuse that allegedly petitioner committed in Alabama against her." Petitioner cited to one page of the trial court transcript. Because of that citation, the post-conviction court did not consider any of the other instances where testimony of "prior abuse" came up at petitioner's trial in considering whether petitioner's counsel performed inadequately. However, read fairly, petitioner's allegation of "prior abuse" encompasses more than the testimony on page 24. That citation served as an example of where the "prior abuse" came up, but petitioner did not argue that his counsel performed inadequately solely in failing to object to the testimony at page 24. His claim was broader, as he argued that counsel was inadequate in failing to object, move to strike, or request a curative instruction . In particular, the request for a curative instruction could have occurred long after the testimony on page 24. Thus, petitioner's claim was not confined to page 24. See Johnson v. Myrick , 285 Or. App. 395, 401, 396 P.3d 285, rev. den. , 362 Or. 175, 406 P.3d 614 (2017) ; Sullivan v. Popoff , 274 Or. App. 222, 232 n. 6, 360 P.3d 625 (2015), rev. den. , 358 Or. 833, 370 P.3d 504 (2016) (holding that a claim of inadequate assistance of counsel based upon a failure to object to certain evidence does not encompass a claim based upon the failure to request a limiting instruction regarding that evidence). Petitioner's several specific allegations of inadequacy and his reference to "prior abuse" were broad enough to encompass J's testimony outside of that occurring on page 24 of the transcript. All of J's *590 testimony regarding prior abuse was directly traceable to petitioner's claim. Moreover, the post-conviction court would likely apply an identical legal analysis to the testimony outside of page 24, namely, whether a reasonable attorney exercising reasonable professional skill and judgment would have intervened during or after the testimony. Accordingly, the post-conviction court erred in limiting its consideration of prejudice to the one specific instance on page 24.
Given the actual breadth of petitioner's claim for relief, we next address the state's cross-assignment of error. The state argues that, regardless of the scope of petitioner's claim, the post-conviction court erred in determining that petitioner's trial counsel performed deficiently. The state contends that petitioner's trial counsel made a reasonable strategic decision in deciding not to object or request a limiting instruction. Suffice it to say, we agree with petitioner that this case was a "credibility contest between J and petitioner," and that, because of that context, the court was correct when it concluded that petitioner's counsel performed deficiently in failing to take any action after any of the instances where J testified about "prior abuse." Thus, we reject the state's argument without further discussion.
Finally, in light of the actual breadth of petitioner's claim for relief, we conclude that petitioner was prejudiced by his counsel's failure to intervene after J's testimony about prior alleged abuse. To demonstrate prejudice, a petitioner must "show that his trial counsel's deficient exercise of skill and judgment had a tendency to affect the result of the prosecution." Green , 357 Or. at 321, 350 P.3d 188 (internal quotation marks omitted). Here, the post-conviction court's conclusion *212 that petitioner was not prejudiced hinged on the fact that it understood petitioner's claim to be limited to page 24 of the trial transcript. Indeed, the court noted that page 24 of the transcript was "far less harmful" than J's later testimony that, after coming to Oregon, she was given literature that made her realize she was in an abusive relationship. We agree with the post-conviction court's suggestion that counsel's error in failing to object, move to strike, or request a limiting instruction after all of the incidents where J testified about prior alleged abuse would have had a tendency to affect the outcome of this case. At the criminal trial, J *591 alleged that defendant had assaulted her. Petitioner denied the assault, there were no other witnesses to the alleged assault, and there was no definitive physical evidence that petitioner committed the assault. See Stevens v. State of Oregon , 322 Or. 101, 108-09, 902 P.2d 1137 (1995) (omissions by trial counsel had a tendency to affect the outcome of the trial because there were no other witnesses to the alleged crime and the prosecution "necessarily turned on the credibility of the complaining witness and of [the] petitioner"). As the case thus necessarily turned on J's and petitioner's credibility, testimony regarding petitioner's prior acts of abusive behavior toward J would have a tendency to affect the outcome. The post-conviction court erred in concluding otherwise. Petitioner satisfied his burden to establish the facts alleged in his petition on the ground for relief regarding his trial counsel's inadequate performance, and the post-conviction court was required to grant relief. Therefore, we reverse.
Reversed.